**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mary Ellen SPOTTED BEAR,**
**Defendant–Appellant.**

No. 05–30092.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Dec. 28, 2005.

---

Joseph E. Thaggard, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Mary Ellen Spotted Bear ("Spotted Bear") appeals her conviction of involuntary manslaughter and her resulting sentence. She contends that the district court committed error in the admission of evidence and that her sentence was unreasonable. Finding her contentions without merit, we affirm.

Spotted Bear contends that the district court erred in admitting evidence of her blood alcohol concentration ("BAC") based on a blood sample taken several hours after the fatal automobile accident. She argues that her BAC taken several hours after the accident is not probative of her blood alcohol level at the time of the accident and therefore not relevant evidence and that its prejudicial effect outweighed its probative value. FED.R.EVID. 401, 402, 403.

We review the district court's evidentiary rulings for abuse of discretion. *Old Chief v. United States,* 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); *United States v. Parks,* 285 F.3d 1133, 1138 (9th Cir.2002).

■ The BAC evidence was relevant to corroborate other evidence tending to show that Spotted Bear was under the influence of alcohol at the time of the accident, including the officer's testimony that the accident resulted from speeding and alcohol consumption and Spotted Bear's admission that she was drunk at the time. *United States v. Hankey,* 203 F.3d 1160, 1171 (9th Cir.2000) (stating that "[e]vidence helpful in evaluating the credibility of a witness is of consequence to the determination of the action"). Conformably to the court's limiting ruling, the government did not offer the evidence as probative of the precise level of intoxication at the time of the accident. Thus, its probative value as corroboration was not outweighed by its prejudicial effect.

■ Nor was it error to permit the toxicologist to testify that a person's ability to safely operate a motor vehicle would be impaired if he or she had a BAC of 0.18. The testimony did not intrude into the jury's function, as Spotted Bear contends. Rather, it was well within the scope of permissible hypothetical questions. FED. R.EVID. 704(a) (testimony in the form of an

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

opinion is not objectionable "because it embraces an ultimate issue to be decided by the trier of fact"); *see United States v. Gonzales,* 307 F.3d 906, 911 (9th Cir.2002).

■ Finally, Spotted Bear contends that her sentence of twenty-one months was unreasonable, arguing that given her circumstances a sentence at the low end of the United States Sentencing Guidelines range would have been sufficient. The district court took into account the statutory factors in 18 U.S.C. § 3553(a), the applicable guideline range of fifteen to twenty-one months, and the statutory maximum of seventy-two months, and noted the seriousness of the offense and the need for deterrence. We cannot say that the resulting sentence was unreasonable. *See United States v. Menyweather,* 431 F.3d 692, 701–703 (9th Cir.2005).

AFFIRMED.